Hart, J.
The question involved is: Upon a vacancy occurring in the office of Clerk of the Court of Common Pleas of a county in this state because of the death of the duly elected incumbent, does the Board of County *273 Commissioners of such county have authority to appoint a temporary clerk for an interim period less than the period of such vacancy?
The answer depends upon the proper construction of Section 2870, General Code, providing for the filling of vacancies in that office. It reads as follows:
‘ ‘ When a vacancy occurs in the office of Clerk of the Court of Common Pleas, the county commissioners shall appoint a clerk pro tempore, who shall give bond and take the oath of office prescribed for the clerk-elect. If the commissioners are not in session when such vacancy occurs, the county auditor shall forthwith give written notice thereof to each of them, and thereupon they shall meet and make the appointment. If the commissioners fail to make an appointment for ten days after they severally have had such notice of vacancy, the appointment shall be made by the county auditor. ’ ’
The authority of the commissioners under this statute is special and limited. On this subject, 11 Ohio Jurisprudence, 333, Section 86, says:
“Statutes which confer authority upon county commissioners are delegations of power by the state, which reserves to itself all power not thus delegated, and are, therefore, to be strictly construed in favor of the state and against the board. Moreover, in the exercise of their powers, county commissioners must follow the terms of the law and proceed in the manner prescribed thereby. When acting under a special power, they must act strictly on the conditions under which it is given.” See, also, State, ex rel. Shriver, v. Board of Commrs. of Belmont County, 148 Ohio St., 277, 74 N. E. (2), 248.
The applicable statute above quoted required prompt action on the part of the board. If the board had failed to act within ten days after notification of *274 the vacancy, the auditor would have been required to act instead of the board and make the appointment of a clerk pro tempore.
In construing the term, “vacancy,” it has been held that, “where the time of the commencement and termination of an office, as well as its duration, are definitely fixed by constitutional or statutory enactment, and provision is made for filling vacancies therein by appointment or election, but without any provision as to the duration or authority of a person so appointed or elected, such person is entitled to serve for the remainder of the unexpired term.” State, ex rel. Irvine, v. Brooks, Gov., 14 Wyo., 393, 84 P., 488, 6 L. R. A. (N. S.), 750; State, ex rel. Fish, v. Howell, Secy. of State, 59 Wash., 492, 110 P., 386, 50 L. R. A. (N. S.), 336; 43 American Jurisprudence, 17, Section 159.
There is no provision in our statute for an interim appointment. Having made the appointment which filled the vacancy, the jurisdiction of the board was exhausted until another vacancy occurred. The board of commissioners could not appoint the relator as deputy clerk as it attempted to do. Under the statute, deputy clerks are appointed by the clerk.
The temporary failure of the relator to secure her commission did not result in her forfeiture of the office. In this connection it is stated in 32 Ohio Jurisprudence, 926, Section 68, as follows:
“It is not the commission, in pursuance of the statute, which confers the right to hold office upon the officer. That right is derived from the election or appointment, of which the commission is only evidence, without which, however, the officer cannot proceed to act officially.”
We are of the opinion that the appointment of the relator was good to fill the period of vacancy, even though such period was' not designated. The statute authorizes such an appointment by the use of the term, *275 “clerk pro tempore.” The appointing resolution of the board of commissioners was specifically adopted pursuant to the provision of Section 2870, General Code, providing for the making of an appointment pro tempore, and, although the resolution appointed the relator as “temporary clerk,” the bond given by her and approved by the commissioners recites that she had been appointed ‘ ‘ clerk of courts, Auglaize county, Ohio, beginning on May 8, 1953 and ending on December 31, 1956.” We are of the opinion that the board of commissioners by its action appointed the relator for the period of vacancy and not a shorter interim period.
Relator is entitled to the relief prayed for.

Judgment of ouster.

Weygandt, C. J., Middleton, Zimmerman, Stewart and Lamneck, JJ., concur.
Taft, J.
In order to prevail, relator must establish that she was appointed “clerk pro tempore” by the county commissioners pursuant to the provisions of Section 2870, General Code, providing in part that the commissioners “shall meet and make” such an appointment within ten days after notice of the vacancy.
Whether the commissioners did so appoint relator must necessarily depend upon the terms of their resolution of May 8, 1953.
The words of that resolution make it absolutely clear that the commissioners did not intend the appointment “to act as temporary clerk,” or the “appointment of being temporary clerk,” as an appointment of “a clerk pro tempore” pursuant to Section 2870, General Code. In effect, those words of that resolution clearly state that relator is appointed “to act as temporary clerk” and not to be “a clerk pro tempore.” The commissioners could hardly have *276 more clearly expressed their intention that that resolution should not operate as an appointment of a clerk pro tempore.
It may be that the commissioners had no authority to appoint relator ‘ ‘ to act as temporary clerk. ’ ’ However, it certainly is not reasonable to conclude that their resolution to so appoint relator amounted to something far more important, i. e., the appointment of relator as “clerk pro tempore,” especially when they clearly stated in that resolution that it should not operate as an appointment of a clerk pro tempore.