[No. 35757.   Department One.   February 23, 1961.]

THE STATE OF WASHINGTON, *on the Relation of Stanley Walker, Respondent,* v. BERTHA RAMAKER, *as Mayor of the Town of East Wenatchee, Appellant.*[1]

[1]Reported in 359 P. (2d) 813.

*Lowell D. Sperline,* for appellant.

*Wm. M. Hamilton,* for respondent.

HILL, J.—This is a *quo warranto* proceeding to determine who is the lawful mayor of the town of East Wenatchee.

The claimants of the office are Bertha Ramaker and Stanley Walker; the trial court decided in favor of Mr. Walker; Mrs. Ramaker appealed to this court.

■ We disagree with both claimants and the trial court and conclude that East Wenatchee has, as yet, no *de jure* mayor and will not have until the town council follows the plain mandate of the statute and "appoints" a mayor to serve the unexpired term of Robert Derry who resigned as mayor February 1, 1960. (See RCW 35.27.140, which is a reasonable facsimile of what the session laws [Laws of 1907, chapter 228, § 5, p. 564], and Rem. Rev. Stat. § 9203 show the law to be.) This statute deals with a vacancy in the office of mayor, not with an absence.

■ The town council may select a mayor *pro tempore* in the absence of the mayor. (See RCW 35.27.160 and 35-.27.280. The law is actually found in the session laws [Laws of 1890, chapter VII, § 151, p. 201, and § 167, p. 209] and Rem. Rev. Stat. §§ 9172 and 9186, from which the RCW versions were taken.) The law, as originally enacted, makes it very clear that the selection of a mayor *pro tempore* is to provide someone to preside over the council in the temporary absence of the mayor (and to perform certain other specifically designated duties).

" . . . The authority and power of the mayor *pro tem.* shall continue only during the day on which he is chosen. . . ." Laws of 1890, chapter VII., § 167, p. 209.

Chronologically, the actions of the town council which have a bearing on the issue before us (together with our comments thereon) are as follows:

A. February 1, 1960, the council (five in number) "appointed a mayor pro tem to serve until the next regular

meeting." Both Mr. Walker and Mrs. Ramaker were nominated, and the vote was two to one for Mrs. Ramaker (the nominees apparently not voting). This action was taken by reason of the fact that the mayor (Robert L. Derry) resigned during the meeting. This was an attempt to extend the authority of a mayor *pro tempore* beyond the day on which she was chosen; it was obviously not an attempt to select someone as mayor to serve the unexpired term of Robert Derry, but specifically limited the tenure to the "next regular meeting."

B. February 15, 1960, the council (by a vote of three to none) selected Mr. Walker "to act as Mayor Pro Tem until the Election." Mr. Walker and the trial court disregarded the "pro tem" and have construed "until the election" to be until the next lawful election of a mayor, which it is agreed could not be until March 12, 1962.

First, it should be pointed out that the authority of the council was not to "appoint" someone to serve until the next election, but to "serve for the remainder of the unexpired term" (RCW 35.27.140), which would be until "the first Monday in June," 1962. Laws of 1951, chapter 257, § 6, p. 813. (The date was changed to the first Monday in April by Laws of 1959, chapter 86, § 1, p. 523 [the present RCW 29.13.050], but not effective to limit the term of those elected prior to the effective date of the act.)

Second, it is clear that the council intended Mr. Walker to serve only until the election on March 8, 1960, which was then only three weeks away; and the action of the council on March 21, 1960, makes this unmistakable. At the election on March the 8th Mrs. Ramaker and Mr. Walker were both candidates for mayor for the unexpired term of Mr. Derry, under the mistaken impression that the vacancy could be filled by an election. (Mrs. Ramaker won the election.)

C. March 21, 1960, the council recognized the result of the election and installed Mrs. Ramaker as mayor. She presided over that meeting and all subsequent meetings until the action of the superior court—now before this court for review. We quote from the minutes of that meeting:

"Joe Morgan stated that in as much as the City does not at this time have a Mayor, He makes a Motion that Bertha Ramaker, The newly elected Mayor Be sworn in at this time, motion seconded by Stan Walker and the vote is 4 for 4. Bertha Ramaker handed in her resignation as City Counclewoman [sic] and was emediately [sic] sworn in as Mayor by the City Clerk C. E. Walker. Bertha Ramaker took charge and presided over the meeting. Joe Morgan Made another Motion, which was seconded by Joe Parkins That the City Council Appoint Stan Walker to serve out the unexpired term as City Councilman which is being vacated by Bertha Ramaker & the vote was 3 for 3."

Thus matters stood, with Mrs. Ramaker serving as mayor and Mr. Walker as a member of the council, until the superior court entered its order on July 14, 1960, adjudging Stanley Walker to be the "duly appointed, qualified and legal Mayor of the Town of East Wenatchee."

We agree that the election of March 8th was a nullity and that the vacancy created by Mr. Derry's resignation could not be filled by an election held for that purpose—in the absence of constitutional or statutory authority therefor. *State ex rel. Fish v. Howell* (1910), 59 Wash. 492, 110 Pac. 386. See, also, *Tucker v. A. B. C. Board* (1954), 240 N. C. 177, 81 S. E. (2d) 399; *Sibbald v. Brickell* (1897), 59 N. J. L. 420, 36 Atl. 1032, and 1950 O. A. G. 117.

We cannot agree that the action of the council on February 15, 1960, was the "appointment" of Mr. Walker to serve the unexpired term of Mr. Derry. The minutes of that meeting said, "until the election," by which it meant until March 8, 1960; and even had it meant until the next lawful election for mayor, *i.e.*, until the second Tuesday of March, 1962, the council was acting without authority to make such an appointment and, clearly, revoked it on March the 21st. The council has, as yet, failed to do the only thing the statute authorizes it to do: To appoint someone to serve for the unexpired term; or to appoint someone to fill the vacancy without express limitation (one so appointed would, by virtue of the statute, serve for the unexpired term). (RCW 35.27.140)

The action of the council on March 21, 1960, was

tantamount to the appointment of Mrs. Ramaker as mayor; and it was the intent of the council that she should serve in that capacity for the unexpired term. Nevertheless, it is clear that the council was not exercising its independent judgment, but was merely abiding by the result of the election which was, in itself, a nullity—no matter how fairly or honestly conducted. *Tucker v. A.B.C. Board, supra.*

Under such circumstances Mrs. Ramaker must be considered the *de facto*, but not the *de jure*, mayor of East Wenatchee subsequent to the meeting of March the 21st; and Mr. Walker was neither.

The superior court's judgment is vacated and set aside. There will be no *de jure* mayor until the council complies with the statute to which we have referred.

WEAVER, ROSELLINI, FOSTER, and HUNTER, JJ., concur.