THE STATE OF DELAWARE, upon the relation of CLARENCE A. SOUTHERLAND, ATTORNEY-GENERAL, *vs.* JAMES A. HART.

(*May* 4, 1925.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Robert H. Richards* for relator.

*John Biggs, John Biggs, Jr.*, and *Christopher L. Ward, Jr.*, for defendant.

Superior Court for New Castle County, March Term, 1925.

PENNEWILL, C. J., delivering the opinion of the court:

This suit is brought to determine the question whether James A. Hart, or Royden Caulk, in whose interest the relator sues, is entitled to the office of levy court commissioner from the Seventh levy court district in New Castle county.

Upon the filing of relator's petition a rule was issued directing the defendant to appear and show cause why leave should not be granted the relator to file his information against the defendant. The defendant moved that the relator's petition be dismissed and the rule to show cause discharged on the ground that the averments contained in the petition do not disclose a *prima facie* case entitling the said Royden Caulk to the relief sought.

Under the law of the state, *Article* 1 *of Chapter* 43 *of the Revised Code of* 1915, *Sections* 1 to 23, and being also paragraphs 1013 to 1035 of said Code, the County of New Castle is divided into seven levy court districts, from each of which an officer is required to be elected. The districts are numbered from 1 to 7.

*Paragraph* 1014 of the Code is as follows:

"1014. *Sec. 2. Commissioners; Election; Terms of Office; Eligibility.*— At the general election to be held in November, A. D. 1912, the terms of the levy court commissioners elected in districts numbers two, four and six in New Castle county, shall be for two years; quadrennially thereafter, commencing at the general election in November, A. D. 1914, the levy court commissioners from said districts shall each be elected for a term of four years. At the general election to be held in November, A. D. 1912, and quadrennially thereafter, the levy court commissioners from districts numbers one, three, five and seven in New Castle county, shall each be elected for a term of four years. Said levy court commissioners shall be elected from among the resident electors of each of said districts by the qualified voters thereof. Any person elected in districts numbers two, four and six at the general election held in November, A. D. 1912, shall be eligible for re-election at the general election to be held in November, A. D. 1914. Except as herein provided, no person elected levy court commissioner shall be eligible for election for two successive terms. The term of office of every levy court commissioner elected as aforesaid shall commence on the first Tuesday in the month of January next following such election."

The pertinent portion of paragraph 1017 is as follows:

"1017. *Sec. 5. Vacancies; Powers.*—In case of the death , resignation ineligibility or removal from the levy court district of any commissioner, at any time, it shall be the duty of the Governor to appoint some suitable person having the qualifications hereinbefore required in that behalf to fill the vacancy so created, pursuant to the provisions of the Constitution in that behalf."

The pertinent portions of *Section* 9 of *Article* 3 of the Constitution of this state are as follows, viz.:

"He shall have power to fill all vacancies that may happen in elective offices, except in the offices of Lieutenant Governor and members of the General Assembly, by granting commissions which shall expire when their successors shall be duly qualified.

"In case of vacancy in an elective office, except as aforesaid, a person shall be chosen to said office for the full term at the next general election, unless the vacancy shall happen within two months next before such election, in which case the election for said office shall be held at the second succeeding general election."

The statute law of the state requires a levy court commissioner to be elected from the odd-numbered districts, including the Seventh district, at the general elections in 1912, 1916, 1920, 1924, 1928, etc.

There is, apparently, no law of this state, constitutional or statutory, that authorizes a levy court commissioner to be elected from said Seventh district at any other general election than those above designated, if there is no vacancy in said office.

The undisputed facts pertinent to the particular controversy involved in this case, and as stated in the relator's petition are "that at the general election held in the month of November, A. D. 1920, Sherburne A. Collins was duly elected a levy court commissioner from district No. 7 in New Castle county; that on the first Tuesday in January therafter the said Sherburne A. Collins qualified and assumed the duties of his said office and so continued as said levy court commissioner from the Seventh levy court district until his death, which occurred on the twenty-ninth day of May, A. D. 1922; that upon the death of the said Sherburne A. Collins the then Governor of the state of Delaware, William D. Denney, appointed Thomas Lattomus as levy court commissioner to fill the vacancy so created by the death of the said Sherburne A. Collins; that at the general election held in the month of November, A. D. 1922, the defendant, James A. Hart, was elected levy court commissioner from said district No. 7; that on the first Tuesday in January thereafter the said James A. Hart qualified and assumed the duties of said levy court commissioner and has continued to act as said levy court commissioner from the said Seventh levy court district until the present time; that at the general election held in the month of November, A. D. 1924, Royden Caulk was elected levy court commissioner from district No. 7 in New Castle county; that his election to said office has been duly certified by the Superior Court of the state of Delaware in and for New Castle county sitting as a board of canvass; that on the first Tuesday in January thereafter, to wit, the 6th day of January, A. D. 1925, the said Royden Caulk took and subscribed the oath of office as prescribed by article 14 of the Constitution of the state of Delaware; and that, notwithstanding the premises, the said James A. Hart has, during all the time since the said 6th day of January, A. D. 1925, used and still does use the said office of levy court commissioner from the said Seventh levy court district in New Castle county," and continues in possession of said office, against the claim and protest of the said Royden Caulk.

The claim of the said Caulk is that said paragraph 1014 of the Code required that a levy court commissioner be elected

from the said Seventh levy court district at the general election held in November, 1924, that at said election he was duly chosen levy court commissioner for said district, and that pursuant to said paragraph 1014 of said Code his term of office commenced on the first Tuesday in January, 1925, and will continue unto the first Tuesday in January, 1929, and until his successor is duly chosen and qualified.

The defendant contends that the words "next general election," as used in the Constitution, mean the next general election in point of time, which, as applied to this case, would mean the election of 1922, at which he was chosen, and that the words "for the full term" mean for the full four year term. He further contends that Hart was properly elected, and should hold the office until his successor is elected in November, 1926, and duly qualified in the following January.

The history of the statute law respecting the levy court of New Castle county, so industriously examined and compiled by counsel for the defendant is interesting, but not particularly helpful in determining the questions presented. As we view this case its decision depends upon a construction of the pertinent constitutional and statutory provisions above mentioned, and an extended reference to other and older statutes would be, not only of no real assistance, but extend this opinion to an unreasonable length.

It is conceded by both sides the decision of the case depends altogether on the interpretation of the Constitution of the state, or of the Constitution and the pertinent statute law considered together.

At this hearing the facts set forth in the relator's petition must be taken to be true. They would not and could not be disputed anyway, being a recital of facts established by records, or matters of common knowledge.

While the motion made by the defendant, and upon which the case is heard is ordinarily a preliminary motion in a proceeding of this kind, it is understood that all the contentions that might be made at a later stage of the case are made at the present stage.

The plaintiff contends that there are two legal propositions, both of which are sound and each of which sustains the contention that Caulk and not Hart is now entitled to represent the Seventh levy court district in the levy court of New Castle county.

"First—That the phrase 'next general election,' as used in said *Section* 3 *of Article* 3 *of the Constitution of Delaware*, does not mean the next general election *in point of time*, but does mean the next general election *at which the office of levy court commissioner for the Seventh district would ordinarily be filled;* that the time for which Thomas Lattomus was appointed levy court commissioner from the said Seventh district did not expire until the first Tuesday in January, 1925; and that, consequently, the election of the said Hart to said office of levy court commissioner at the general election in November, 1922, was a void election and the said Hart did not become thereby entitled to the said office of levy court commissioner as a result of said election and never has been of right entitled to said office.

"Second—That if the said phrase 'next general election' means the next general election in point of time, nevertheless the 'full term' mentioned in the Constitution as the period of time for which the said Hart was validly elected at the general election in 1922 was a term which, under said *Paragraph* 1014 *of the Code* , expired on the first Tuesday in January, 1925, or, in other words, was a term of two years, and not a term of four years."

Much of plaintiff's argument is the same in support of each of his legal propositions, and necessarily so because his contentions are based very largely on the division, under the statute, of the levy court districts of New Castle county "into two classes for the clearly disclosed purpose of establishing a governmental scheme or system for said county under which there shall always be 'hold-over' or old members in the levy court and under which all the members shall not be elected from all the districts at the same election but shall be elected from the two classes into which the districts are divided at alternating general state elections."

This basis of plaintiff's argument will be more fully referred to when we come to consider his second proposition, which has relation to the meaning of the constitutional phrase "for the full term," and when the court must construe the constitutional provision in connection with the provisions of the statute.

The plaintiff's first proposition may be briefly stated thus: The next general election, mentioned in the Constitution is the next general election at which the office in question would have been filled if there had been no vacancy, and not the next general election in point of time.

This contention is based, of course, on the assumption that said constitutional phrase, "next general election", must be construed in connection with the statute, which provides that the levy court commissioner from the Seventh district shall be elected quadrennially, after the year 1912. It is argued that, there being no authority for holding such an election except quadrennially, the constitutional provision cannot be construed to mean that a vacancy in said office can be filled at a general election held at any other time; that is, in 1922, which was not a quadrennial election for the filling of said office.

But must the meaning of the words "next general election" in the Constitution depend on the language or intent of the statute? The constitutional provision is general, and applies to all elective offices not expressly excepted. There can be no doubt that the words "next general election," when taken by themselves, mean the next general state election in point of time, the next biennial election. That would be their plain, obvious and usual import or meaning. Nor can there be any doubt that if there is a conflict between the Constitution and the statute the former must control. This is not a case where two provisions of the Constitution are claimed to be inconsistent, as in some of the cited cases, but rather where but one provision is involved, and its language is so clear and complete that no statute, we think, can be invoked to aid in its interpretation. It means what it plainly says, no matter what the effect may be. To give it a different meaning would be, in the court's opinion, judicial legislation.

Our Constitution, *art.* 5, § 1, says:

"The general election shall be held biennially on the Tuesday next after the first Monday in the month of November."

Respecting the authorities cited in support of plaintiff's first proposition it may be said they are either cases in which no constitutional provision was involved, such as *People ex. rel. Love v. Mathewson*, 47 *Cal.* 442, and *State v. Philips*, 30 *Fla.* 579, 11 *So.* 922, or cases in which there was no express authority and direction to fill a vacancy at the next general election, but only authority for the filling of a vacancy by appointment until the next general

election, or until a successor is qualified, such as the case of *State ex rel. McGee v. Gardner*, 3 *S. D.* 553, 54 *N. W.* 606; *State v. Howell*, 59 *Wash.* 492, 110 *P.* 386, 50 *L. R. A.* (*N. S.*) 336; *Wainright v. Fore*, 22 *Okl.* 387, 97 *P.* 831; *In re Supreme Court—Vacancy*, 4 *S. D.* 532, 57 *N. W.* 495. It should be noted that, in the case of *State v. Gardner*, only different constitutional provisions had to be considered.

In the instant case there is but one plain and pertinent constitutional provision to be considered, and it requires that in case of vacancy a person *shall be chosen to the office at the next general election*. This requirement is very different from a power to fill a vacancy by appointment, until a successor is duly qualified, or until the next regular election.

It may be thought in this case, as it has been in others, that such language authorizes by implication the filling of a vacancy at the next general election, but we do not understand that it has been so held, if such election is not one at which the office in question is ordinarily filled. It is conceded to be the law, as stated in *State v. Gardner*, that:

"There is no inherent reserved power in the people to hold an election * * * either for a full term or to fill a vacancy, and that it can only be done when and as affirmatively authorized by law."

See, also, *State v. Howell*, *supra*.

In the Delaware Constitution the filling of a vacancy in any elective office at the "next general election" is affirmatively authorized and directed. The differences pointed out are sufficient to distinguish the cases cited by plaintiff in support of his first proposition from the present case, and to show their inapplicability to the question: What is meant by our constitutional phrase "at the next general election?"

Much stress is laid by the plaintiff on the two leading cases of *State v. Gardner* and *State v. Howell*, *supra*. The latter case, together with the case of *Wendorff v. Dill*, 83 *Kan.* 782, 112 *P.* 588, 50 *L. R. A.* (*N. S.*) 359, cited by defendant and later referred to, are elaborately annotated in L. R. A., but we have found the notes more confusing than helpful. They do, however, clearly show that

the cases preponderate largely in number in favor of defendant's contention in so far as they have any bearing on the question before the court.

If there is no constitutional requirement for filling a vacancy in any elective office at the next general election, it might very well be held that the appointee would hold until his successor is chosen at the next election designated by the statute for the election of the particular officer. It is the absence or lack of such express requirement that differentiates most of the cases cited by the plaintiff from the present one.

Another fact, which shows the intention of the Constitution makers respecting the time of filling a vacancy by election, is this:

The Constitution provides that, if the vacancy shall happen within two months next before such (next general) election, the election for said office shall be held at the second succeeding general election. Certainly there can be no doubt that by "second succeeding general election" is meant the second general election in point of time. If that be so, then the Constitution must mean that, if the vacancy happens more than two months before the next general election, the vacancy must be filled at the first succeeding general election in point of time.

If it was not clear from the Constitution when a vacancy shall be filled by election it would be not only proper but necessary to consider any law that would remove the uncertainty; but a statute may not be considered in construing a constitutional provision which is so clear and complete that there is no room for construction. Construction implies a precedent obscurity in the instrument on which it is brought to bear. *Black on Interpretation of Laws*, §§ 1 and 2.

And the obscurity must arise out of the instrument itself or out of its comparison with another equal or superior to it. In the case of a Constitution it cannot arise out of its comparison with a statute. Were the law otherwise it would permit the Legislature to affect or change a constitutional provision by an act creating in it an obscurity which primarily did not exist. If the constitutional provision is clear without reference to the statute,

and before the enactment of the statute, its meaning cannot be changed or made uncertain by anything contained in a statute subsequently passed. Otherwise the constitutional language would mean one thing at one time and a different thing at another, dependent on the terms of a later and inferior law. If the phrase in question was clear before the enactment of the law providing for a rotation system in the choosing of levy court commissioners, it cannot be given a different meaning, or made obscure, by anything contained in such law.

In considering what is meant by our constitutional term, "at the next general election," the case of *Wendorff v. Dill,* 83 *Kan.* 782, 112 *P.* 588, 50 *L. R. A.* (*N. S.*) 359, cited by the defendant, would be helpful if any authority were needed because its facts approach more closely those of the case at bar than any other cited on either side. The Kansas Constitution created five judicial districts, the judges of which were to be elected in 1860 and quadrennially thereafter. The court said:

Since 1902 "a part of the district judges * * * have been chosen at each biennial election, and therefore, by reason of the difference in the time of their selection, it may be said that in a sense there are now two classes of district judges."

It was held that:

"An election at which judges of the district court are to be chosen for a full term in any of the judicial districts of the state is, as to that office in every district, a regular election within the meaning of the constitutional provision that, in case of vacancy in any judicial office, it shall be filled by appointment of the Governor until the next regular election that shall occur more than thirty days after such vacancy shall have happened."

Plaintiff's second proposition raises a somewhat different question from the one we have been considering because the meaning of the words, "for the full term," used in the Constitution, cannot be ascertained without reference to the statute that fixes the term of the particular office. The words "full term" may mean four years when applied to certain offices, and two years when applied to others. If the Constitution and statute are construed together there can be no doubt what the words in question mean when there is no vacancy to be filled.

It is argued by the plaintiff in support of his second proposition as follows: that certain paragraphs of the *Revised Code*, to which reference has been made, disclose a purpose that all the members of the levy court of New Castle county shall not be elected at the same general election; the statute provides for a scheme under which the members representing the even districts shall be elected quadrennially at alternating general elections from the members representing odd districts who are also to be elected quadrennially; the necessary inference is that the purpose·was to insure always in the levy court the presence of a certain number of experienced members; in providing for this plan of county government, the Legislature adopted the method of primarily prescribing, by positive statutory mandate, the times when the members of the levy court from the several districts are required to be elected; the statute, by positive mandate, also fixes the time when the members so elected shall assume office, and provides that after the first election the members shall be elected for terms of four years; the language of the statute makes it mandatory that a member from the Seventh district shall be elected at the general election held in November, 1912, 1916, 1920, 1924, 1928, etc.; no member can be elected from the Seventh district at any other time than the times last indicated because there is no legal authority for an election at any other time; in creating this scheme of county government the Legislature provided for the happening of vacancies, and had knowledge of the provision of the Constitution respecting the filling of vacancies in elective offices, and knew they had fixed definite times when members of the levy court must be elected from the several districts, respectively; and that an election to fill a vacancy, other than one of the general elections fixed by the statute as a time when an incumbent must be elected to fill the office in which the vacancy occurred, could not be for a term longer than two years; that the operation of the provision of the Constitution upon the statute is to create as full terms, two year terms, to be filled by election in case of vacancy occurring in the first two years of a four year term; that the plan of the statute to secure the election of members of the levy court from the two

classes of districts created by the statute at alternating quadrennial elections for the purpose indicated is not inconsistent with the constitution and should be preserved; if the construction indicated flows by necessary inference from the Constitution and statute in connection with the plan disclosed by the statute, it is as effectively expressed as if it had said in the portion dealing with vacancies: If a vacancy occurs in the first two years of a four year term, the term for which an incumbent of the office in which the vacancy occurs shall be elected at the next general election in point of time shall be two years; if it should be held that the full term for which Hart was elected in 1922 was a term of four years it would defeat the plain purpose of the statute, and would be a construction that would create a new vacancy each time such construction is required to be applied to the result of a vacancy happening in the first two years of a four year term.

We have stated at considerable length, and practically in the language of his brief, the contention of the plaintiff and the argument supporting it, so that his position might be clearly understood.

The obvious reply to such argument is this:

1. That the preservation of the rotation plan, in choosing levy court commissioners, and the governmental scheme disclosed by the statute are not to be considered or regarded if the Constitution conflicts therewith.

2. That the constitutional phrase, "for the full term," clearly means that a person chosen to fill a vacancy at the next general election shall serve for the term of four years, because that is the length of the term which the statute provides a levy court commissioner shall be elected for, and there is no different or shorter term mentioned in the statute for commissioners elected after 1912.

3. If the Legislature meant, in passing the statute, that in case a vacancy occurs in the first two years of a four year term, the term for which an incumbent of the office in which the vacancy occurs shall be elected at the next general election in point of time shall be two years, why was not such meaning expressed? The

Legislature had knowledge of the constitutional requirement that a vacancy should be filled for the "full term," which according to the express language of the statute was four years. If the failure to express such intention or meaning was a *casus omissus*, it cannot be supplied by the court.

In his effort to show that the defendant was elected in 1922 for the residue of the full term and not for four years, the plaintiff has invoked a principle of law, generally recognized by the authorities, but which is nevertheless regarded as rather refined and technical. Its purpose is to ascertain the intent of a law which provides for the filling of a vacancy, but does not state whether the person appointed or elected to fill the vacancy shall serve for the residue of the term or for the full term.

The law referred to is very clearly stated in a note to the case of *State ex rel. Fish v. Howell, supra,* as follows:

"It may be said as a general proposition that where the law fixes the duration of the term only, and neither the commencement nor termination is prescribed, and there is no reference to an unexpired term, an election or appointment to fill the vacancy will be for the full term; but where the law regulating the office fixes the duration of the term, and the date of the beginning or end thereof, or both, an election or appointment to fill the vacancy is generally held to be for the unexpired term only; and where the vacancy to be filled is in a board of several officers, and the general scheme of the law creating the office provides that the entire board shall not go out of office at one time, an appointment or an election to fill the vacancy will also be for the unexpired term only."

It is unnecessary to mention other authorities to the same effect, because it is the application of the law and not the law itself that is questioned.

The answer to this contention of the plaintiff is that the distinction referred to, between vacancy in term and vacancy in office, can have no application to a case where the Constitution requires that the election to fill a vacancy shall be for the "full term," and the statute that creates the office, and fixes the term, provides for an election for a term of four years, and for no shorter term.

Perhaps the strongest, and certainly the most plausible, reason urged by the plaintiff in support of his contention is the practical effect of holding that the phrase "full term" means four years. The result that would necessarily follow from such a con-

struction, it is claimed, would be the making of another vacancy at the end of the four year term, which would be a vacancy upon a vacancy. That is to say: the four year term of Hart would end in 1926, when there would be no authority, constitutional or statutory, for holding an election to choose a levy court commissioner from the Seventh district. It would not be a quadrennial election for the filling of said office, and there is no other authorized by law.

This argument impressed the court, knowing that the policy of the law, here and elsewhere, favors election rather than appointment to office. *State v. Churchman*, 3 *Penn.* 361, 51 *A.* 49 (Judge Spruance's opinion); *Wendorff v. Dill, supra; State v. Howell, supra.*

But, looking only to the Constitution and the statute, we are unable to escape the conclusion that the election of Hart at the general election in 1922 was for the full term of four years. There is nothing, we think, even in the statute, that is incompatible with this view, except an implication, or rather an inference arising from the intent of the statute that the rotation system in the election of levy court commissioners shall be preserved.

The conclusion reached by the court will not seriously affect the scheme of the statute, because if, at the expiration of Hart's term of four years in 1926, an appointment has to be made to fill a vacancy for two years, because no election can be held to fill the office till 1928, there would be an election to fill the office in that quadrennial year, and the rotation system, broken for awhile, would be resumed and the intent of the statute carried out.

For the reasons stated the court are clearly of the opinion that, as applied to the present case, the constitutional phrase "next general election" means the next general election in point of time, and the phrase "for the full term" means for the term of four years.

There being no doubt in the mind of the court as to the meaning of said phrases, the debates in the constitutional convention pertinent to their meaning need not be resorted to. If, however, there was any real doubt as to what the Constitution makers

meant, it would be entirely removed by referring to said debates, particularly the discussion relative to the words "for the full term."

There did not seem to be any question about the meaning of the words, "next general election." It was apparently understood that they meant the next in point of time.

With respect to the term, "for the full term," there was considerable debate, not as to what the term meant, but whether the person elected at the next general election should hold for the residue of the unexpired term, or for the full term.

To make the report of a committee clear, Mr. Spruance moved to amend it by inserting the words "for the residue of the term." Whereupon Mr. Saulsbury moved to amend the amendment by striking out "residue of," and inserting in lieu thereof the word "full," so that the amendment would read, "for the full term." Mr. Spruance said:

"We want to clear up any doubt about it, and the only difference of opinion is whether he shall be elected for a full term or for the residue of the term."

And later Mr. Spruance said:

"I am rather inclined to support the amendment offered by Mr. Saulsbury. If there is going to be a man elected, elect him for the full term."

Mr. Pratt said:

"Suppose a person is holding an office, is elected, say, to the office of register of wills for four years, and holds that office for one year and dies; then I understand the person elected will be elected for four years from the date of that election."

Mr. Saulsbury answered, "Yes," and there was no dissent. Neither was there any dissent from his said amendment, which, apparently, was adopted unanimously.

There was, of course, no specific reference, in the debates, to an office in respect to which a rotation system is provided for in the statute creating it, but the provision in question was general in its language, and manifestly intended to apply to any elective office, in which there is a vacancy.

The relator's petition is dismissed and the rule to show cause discharged.