G. LESTER CLEAVER, Relator Below, Appellant, and THE STATE OF DELAWARE, upon the relation of David P. Buckson, Attorney General, Plaintiff Below, v. HARRY B. ROBERTS, JR., Defendant Below, Appellee.

(*June* 25, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Harvey Bernard Rubenstein,* of Leshem & Rubenstein, for appellant.

*Clair John Killoran, H. Albert Young* and *Arthur F. DiSabatino,* for appellee.

Supreme Court of the State of Delaware, No. 15, 1964.

WOLCOTT, Justice.

This is an appeal from an order of the Superior Court dismissing an Information in the nature of a Writ of Quo Warranto challenging the defendant's title to the office of Levy Court Commissioner.

The defendant has occupied the office of Levy Court Commissioner for the Third District of New Castle County since January, 1961, having at the election held in November, 1960, been the apparent winner over Cleaver, the relator herein, and prior incumbent of the office. The information attacks the defendant's title on the ground that he was not qualified to hold the office by reason of 9 *Del. C.* § 303, requiring that Levy Court Commissioners shall be *bona fide* freeholders of the district for which they are elected.

It appears that prior to the filing of the Information the parties, i.e., the relator and the defendant, by their respective counsel conferred with the Attorney General. By means of a letter addressed jointly to counsel, he advised them that he would sign the Information as a matter of form only, and that subsequent court action would be handled by counsel for the parties. The Attorney General reserved, however, the right to enter actively into the case if it appeared that any interest of the State became involved.

Thereafter, counsel for the relator presented the Information, executed by the Attorney General, to a Judge of the Superior Court who ordered the issuance of a rule on the defendant to show cause why a judgment of ouster should not be entered, and that he answer or otherwise

plead to the Information. In response the defendant moved to dismiss the Information on the following grounds: (1) That the rule was prematurely issued, thus depriving the defendant of showing cause why leave to file the Information should be denied; (2) that the relator is an improper party and has no standing in the proceeding; and (3) that the State on the relation of the Attorney General did not institute the proceeding as is evidenced by the Attorney General's letter to counsel.

The Superior Court held that the rule had been issued prematurely, thus depriving the defendant of his right to show cause why leave should be denied to file the Information; that the Attorney General effectively qualified his signing of the Information by taking no position on the merits of the controversy, and that the relator as a private party may not maintain the action in the absence of the full and unqualified support of the Attorney General. For the stated reasons the Information was dismissed.

This appeal, taken by the relator in his own behalf and in the name of the State on the relation of the Attorney General, followed.

We first dispose of the narrow procedural question presented. It is true that the old practice governing Informations in the nature of Writs of Quo Warranto was not followed in this case, for under the old practice the action was instituted by the Attorney General upon motion for a rule upon the defendant to show cause why leave should not be granted to file the Information against him. The rule issued upon *ex parte application* and was heard on affidavits. If in the court's discretion leave to file was granted, the rule was made absolute and the Information filed. However, the practice afforded the defendant the opportunity, if he so chose, to move to dis-

charge the rule, thus appealing to the court's discretion. *Brooks v. State* ex rel. Robert H. Richards, Attorney General, 3 Boyce 1, 79 A. 790, 51 L.R.A.,N.S., 1126.

The present Civil Rules of the Superior Court, however, were intended to do away with cumbersome and unnecessary steps in pleading and practice and by Rule 81 directed that insofar as practicable proceedings in Quo Warranto shall conform to the present rules. The former practice of the issuance of a rule to show cause why leave to file should not be granted was intended to permit a defendant to invoke the discretion of the court to determine initially whether the action should proceed. This right must still be preserved to a defendant, either by the present rules or by a retention of the former practice. *Canaday v. The Superior Court,* 10 Terry 456, 119 A.2d 347. If the right is preserved in the new rules, then they govern the procedure.

We think the right is preserved by Rule 12(b) which is intended to compel the presentation of preliminary motions in advance of trial, thus avoiding the delay of successive motions. The defendant had opportunity to present to the court any additional reasons other than those actually presented, which he may have desired. He apparently chose not to do so. Accordingly, we think he must be held to have waived them under Rule 12(b) as possible defenses. We are of the opinion that no useful purpose is to be served by a blind adherence to sterile gestures of an obsolete system of pleading and practice.

The two additional questions presented are basically one and the same and will be so considered by us. In order to give an answer it is necessary to state briefly the nature and origin of a Quo Warranto proceeding.

The Writ of Quo Warranto is of ancient origin and

was used at common law to oust a usurper from a franchise or privilege belonging to the Crown. Because of its limited nature and cumbersome procedure, however, it gradually came to be supplanted by an Information in the nature of a Writ of Quo Warranto which, while differing in form from the ancient Writ, nevertheless was available only to try the right to an office or franchise, public in nature. Hence it followed that the action could be instituted solely in the name of the Sovereign upon the relation of the Attorney General. High, Extraordinary Remedies, § 600; Ferris on Extraordinary Legal Remedies, § 121; Bailey on Habeas Corpus, 1271.

In England, however, following enactment of the Statute of Anne (9 Anne, Ch. 20) an Information in the nature of a Writ of Quo Warranto was permitted to be used by private parties seeking to test the title of persons claiming to occupy public office, or exercise a public franchise. The Statute of Anne authorized the filing of the Information, with leave of court, upon the relation of any person. Upon a relation by a private person the court, in the exercise of its discretion, took into consideration the policy of allowing the proceeding and the motive of the relator. High's Extraordinary Legal Remedies, § 605.

The Statute of Anne, however, was never the law of Delaware. The remedy by Information in the nature of a Writ of Quo Warranto in this State is the common law remedy as it existed prior to the enactment of the Statute of Anne. *Brooks v. State,* supra. It therefore follows that actions of this nature may be instituted and prosecuted only in the name of the State upon the relation of the Attorney General. Unlike some of the states, Delaware permits no such proceeding upon the relation of a private citizen, certainly at least when the action

seeks to oust a public officer. This result follows from the fact that the action in theory at least is a prosecution. *Brooks v. State,* supra. And see 8 *Del. C.* §§ 136, 323, requiring that Information in the nature of Quo Warranto to forfeit a corporate charter for failure to designate a resident agent, or obey a Writ of Mandamus, be instituted upon the relation of the Attorney General. Indeed, this State has no statute remotely purporting to confer upon private citizens the status of a relator.

It is thus clear that Informations in the nature of Writs of Quo Warranto may be filed solely in the name of the State upon the relation of the Attorney General. Not only is this true with respect to public offices in which the people and the State have a fundamental interest, but as well to corporate offices which in a sense are of interest to private parties only. Indeed, the leading case in this State of *Brooks v. State,* supra, titled upon the relation of the Attorney General, was of the latter class.

The right to institute the action accordingly lies solely with the State acting through the Attorney General, in the absence of a statute, of which this State has none, delegating the right of institution to private citizens. 44 Am. Jur.. Quo Warranto, § 66; 74 C.J.S. Quo Warranto, § 18. It is thus clear that the present action could not have been instituted and may not be maintained by the private relator acting solely on his own initiative.

▮ This action, however, was in fact initiated by the Attorney General whose action is evidenced by his signing of the Information. The letter addressed by him to private counsel, while stating that he was signing the Information as a matter of form only, must nevertheless be taken as evidence that he approved of the action to be taken. To assume otherwise would be to ascribe to the

Attorney General, to say the least, a rather casual approach to the discharge of the duties of his office, which we are not warranted in doing. We must assume that his act of signing was in good faith approval of the action.

It is true that, thereafter, the Attorney General took no part in its prosecution, but that we think, of itself, does not warrant a dismissal on the ground the Attorney General has withdrawn his support. The practice followed in this State affords precedent for the vigorous prosecution of Quo Warranto proceedings, instituted initially by the Attorney General, by counsel representing a private party. See *State ex rel. Southerland v. Hart,* 3 W.W.Harr. 15, 129 A. 691; *State* ex rel. Craven *v. Schorr,* 11 Terry 365, 131 A.2d 158, and *State ex rel. Green v. Holzmueller,* 1 Terry 16, 5 A.2d 251, all of which involved an issue of title to public office and all of which were prosecuted to completion by private counsel representing une contestant without active participation by the Attorney General. We think the institution of the proceeding by the Attorney General and his passive acquisition in the prosecution by private counsel was at least an implied delegation of authority to prosecute.

This action was dismissed, however, for the reason that the Attorney General qualified his action by taking no position on the merits of the controversy. If this ruling was based upon the Attorney General's letter, heretofore referred to, we think the foregoing demonstrates the error of the conclusion. If the ruling is based upon some other action of the Attorney General, either in open court or out of court, we can but comment that the record

is silent as to what, if anything, it was.*

██ ██ The Attorney General is a Constitutional officer of this State, and has and may exercise all the power incident to the office of the Attorney General at common law, in the absence of express legislative restriction. *Darling Apartment Co. v. Springer*, 25 Del.Ch. 420, 22 A.2d 397, 137 A.L.R. 803. At common law the discretion of the Attorney General as to whether or not to institute Quo Warranto proceedings was arbitrary and absolute. He could not be compelled to exercise it in favor of the institution of the proceeding. 44 Am.Jur., Quo Warranto, § 67; Ferris on Extraordinary Legal Remedies, § 122; Bailey on Habeas Corpus, 1271; 74 C.J.S. Quo Warranto, § 18. Certainly, this is true when the proceeding seeks the ouster of one claiming to occupy a public office in which the State and the people have a peculiar interest.

██ ██ We think, since the institution of the proceeding lies within the absolute discretion of the Attorney General, necessarily the continuance of the proceeding similarly lies within the same discretion. It follows, therefore, that the Attorney General may, even though he has acquiesced in the institution and maintenance of the proceeding by private counsel, at any time enter a formal dismissal of the action.

In the case at bar, however, the requirement for the institution of the action has been met by the signing of the Information by the Attorney General and his acquiescence in the representation of the State by relator's private counsel. No change in this state of affairs has been

---

*At oral argument before us, counsel indicated that the Attorney General had appeared before the Superior Court and there made a statement concerning his position on this matter. Because counsel are in disagreement as to what was said by him, and because there is nothing whatever about this episode in the record before us, we must ignore it.

made to appear in the record.

■ ■ With respect, however, to the prayer of the relator that he be permitted in his own right to continue the action, the foregoing demonstrate that he has no standing to do so. With respect to his prayer that upon the ouster of the defendant he be installed in the office, the requested relief is beyond the power of the Court in a Quo Warranto proceeding. This is for the reason that the successful prosecution of a Quo Warranto proceeding results solely in the entry of a judgment of ouster. 44 Am.Jur., Quo Warranto, §§ 118, 119. If, therefore, the proceeding results in the ouster of the defendant, the relator must resort to some other remedy to enter upon the office.

The dismissal of the proceeding as to the private relator is therefore affirmed.

## ON LIMITED REARGUMENT

■ ■ Following the filing of an opinion in this cause by which we had indicated an intention to reverse the dismissal below as to the State as well as affirm the dismissal below as to the relator, the defendant, by Petition for Reargument, raised *inter alia* for the first time a point of jurisdiction, i.e., had the State in fact appealed the dismissal of the action as to it?

We had assumed, and indeed the appeal was presented to us by counsel on the basis that such was the fact, but it now appears upon examination that the State in fact has not appealed from any part of the judgment below.

We regard the failure to call this to our attention as unfortunate, since we relied upon the briefs and arguments which clearly raised the question of the correctness of the dismissal as to the State. The Petition for Reargu-

ment, however, raised a serious question as to our jurisdiction to interfere with an order below concerning which the aggrieved party has sought no relief, and in fact has not appeared before us.

Rule 5 governs the filing of appeals in this Court. Rule 5(2) allows an alternative to the filing of a *praecipe*, that of serving a Notice of Appeal "upon the attorney of record for the appellee" and filing the same with the Clerk. Rule 5(4) requires that the Notice of Appeals specify the party or parties taking the appeal. This is the method elected in this appeal.

The Notice of Appeal which brought this cause before us is in the following language:

"Notice is given that G. Lester Cleaver, Relator Below, Appellant, appeals from the final Order, and judgment, etc."

The Notice of Appeal was served by counsel for the relator not only on the attorney of record for the defendant but upon the Attorney General as well. Under the circumstances, we think it clear that an appeal has not been taken on behalf of the State. This being so, we do not have properly before us correctness of the dismissal of the action as to the State. We do not reach the point since, as we have held, the relator has no standing to raise it. The only question we may consider in this appeal is the standing of the relator, *qua* relator to maintain the action. This question we have decided adversely to him.

The judgment below dismissing the action as to the relator is therefore affirmed.