## J. L. BROWN VS. J. H. WOODS *et al.*

1. COUNTY ATTORNEY—*Eligibility*—An attorney at law who is suspended from the practice of law in the district court of a county in which he has been elected county attorney, is not eligible to enter upon the performance of the duties of such office so long as the order of suspension remains in full force and not reversed.

2. STATUTES—*Construction of—Reason and Intention*—That which is within the reason, purpose and intention of a statute is as much a part of it as if it were within the letter of the legislative act.

*Original Proceedings in Mandamus.*

*Grant Stanley*, for petitioner.

*Charles Egan, Huger Wilkinson, J. C. Strang* and *J. H. Woods*, for respondent.

The opinion of the court was delivered by

BIERER, J.: This is an original proceeding in *mandamus*, brought in this court, to compel J. H. Woods, as county attorney, to turn over the office of county attorney of Oklahoma county to the petitioner, and to require Hon. Henry W. Scott, judge of the district court of Oklahoma county, to recognize him as county attorney of said county. The petitioner shows that, at the November election, 1894, he was duly elected to

such office and received the certificate of election for the same; that the time has arrived when he has a right to enter upon the duties of the office, in pursuance to such election, and that he is duly admitted to practice in the supreme court, and has not been suspended or disbarred therefrom, and that he is refused admission to this office by J. H. Woods, who holds the office of county attorney of said county, and refused recognition as such officer by the judge of the district court.

The return to the writ shows that a disbarment proceeding is pending in the district court of Oklahoma county against the petitioner, and that, on the 22d day of December, 1894, he was suspended from practice by the district court of Oklahoma county, pending the trial of the disbarment proceeding.

The contention of the petitioner is, that, as he has been admitted to the supreme court of the Territory of Oklahoma, he is eligible to enter upon the performance of the duties of the office of county attorney, in pursuance to his election to this office, although he has been, by the judgment of the district court of Oklahoma county, suspended from practice as an attorney, as is shown by the return to the alternative writ.

A part of § 1702 of the laws of Oklahoma of 1893, provides:

"That no person shall be eligible to the office of county attorney who is not duly admitted to practice as an attorney in some court of record in this territory."

Section 1705 of the same statute provides:

"It shall be the duty of the county attorney of the several counties to appear in the district courts of their respective counties and prosecute and defend, on behalf of the territory, or his county, all actions or proceedings, civil or criminal, in which the territory or county is interested or a party; and whenever the

venue is changed in any criminal case, or in any civil action or proceeding in which his county or the territory is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed."

Now the contention of the petitioner is, that he is admitted to a court of record, from which he has not been suspended, or disbarred, by virtue of his being admitted to practice in the supreme court, and that his suspension from practice, in the district court of Oklahoma county, does not suspend him from practice in the supreme court of the territory, and cites high authority in support of the proposition that a suspension in one court does not suspend him from practice in the other.

Be that as it may, upon this last question, we do not think it affects this case.

The evident purpose and intention of the legislative act, with reference to the eligibility of a person to the office of county attorney, was not only that he should possess qualifications to perform the duties of the office of county attorney, but that there should be a judgment and determination of a court that he does possess the moral and mental qualifications of an attorney; that there should be a determination of a court that he is a person of good moral character, and learned and skilled in the legal profession.   It requires that he "shall have been duly admitted to practice" and then specifies the particular duties that he is required to perform.   The statute, it is true, does not say in terms that he must not have been disbarred from practice in the very court in which the law requires him to perform certain professional duties, but the terms of the act show that this was

within the reason and intention of the legislature. It was within the purpose and spirit of the act, and that which is within the reason, purpose and intention of the language used is as much within the act as though it were a part of the language itself.

Justice Davis, speaking for the supreme court of the United States in *Haydenfeldt vs. Daney Gold and Silver Mining Co.*, 93 U. S. 634, with reference to the interpretation of statutes, says:

"If a literal interpretation of any part of it would operate unjustly, or lead to absurd results, or be contrary to the evident meaning of the act taken as a whole, it should be rejected. There is no better way of discovering its true meaning, when expressions in it are rendered ambiguous by their connection with other clauses, than by considering the necessity for it, and the causes which induced its enactment."

In *Kohlsaat vs. Murphy*, 96 U. S. 153, the supreme court of the United States again says:

"In the exposition of statutes, the established rule is that the intention of the law-maker is to be deduced from a view of the whole statute, and every material part of the same; and where there are several statutes relating to the same subject, they are all to be taken together, and one part compared with another in the construction of any one of the material provisions."

In 1 Kent's Commentaries, 462, it is said:

"And the reason and intention of the lawgiver will control the strict letter of the law, when the latter would lead to palpable injustice, contradiction and absurdity."

In *Smith vs. Townsend*, 1 Ok. 117, the following language in *People vs. Utica Insurance Co.*, 15 Johnson, 358, is quoted as the law:

"A thing which is within the intention of the makers of a statute, is as much within the statute as

if it ·were within the· letter; and a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers; and such construction ought to be put upon it as does not suffer it to be eluded."

Now the reason and intention of this act of the legislature, with reference to the eligibility and duties of a person holding the ·office of county attorney, is not only that he be admitted to practice in a court of record, but ·that he remain admitted to practice in the court where his duties must be performed; and the principal part of his duty under this law must necessarily be in the prosecution and defense of cases in the district court of his own county, involving the rights of his county, and, being suspended from practice, he is not in a position where he can perform these duties so long as the suspension remains in force and unreversed.  It would be an absurd construction to draw from this language of the statute that a person elected to the office of county attorney might enter upon the duties of such office while he is suspended from practice in the very court in which his principal duties lie, because he still remains admitted to practice in some other court.  It could as well be contended that he remains eligible to assume the duties of the office of county attorney until he had been suspended or disbarred in every county in every district in which he might have been admitted to practice, as to contend that he is eligible because he still remains a member of the bar of the supreme court, if we should concede that that be true, and that would be placing a construction upon the act never contemplated by the legislature in defining the eligibility and duties pertaining to the office of county attorney.  As the petitioner was suspended from practice as an attorney in the district court of his county at the time he demanded the office of county attorney, he was, therefore, pending such suspension, disqualified to enter

upon the duties of the office, and the writ prayed for must be denied.

Scott, J., not sitting; all the other Justices concurring.