WAINWRIGHT *et al.*, *County Election Board*, v. FORE.

No. 453.    Opinion Filed October 26, 1908.

(97 Pac. 831.)

**JUSTICES OF· THE PEACE—Vacancy—Appointment— Term.** A person appointed by the board of county commissioners of a county to the office of justice of the peace, to fill a vacancy caused by the death of a former occupant of said office, who was elected at the election for the adoption of the Constitution, holds until the election of 1910, that ·being the first general election at which an officer may be elected to fill such vacancy.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by J. L. Fore for writ of mandamus against W. H. Wainwright and others, county election board of Muskogee county. Judgment for plaintiff, and defendants bring error.   Reversed.

*P. C. West, F. L. McCain, De Roos Bailey* and *S. V. O'Hare,* for plaintiffs in error.

*A. A. Davidson,* for defendant in error.

KANE, J.  ·This was an action for a peremptory writ of mandamus, commenced in the district court of Muskogee county, by the defendant in error, plaintiff below, to compel the plaintiffs in error, defendants below, as the county election board of Muskogee county, to place his name upon the official ballots for the city of

Muskogee to be voted for at the general election on the 3d day of November, 1908, as the nominee of the Republican Party for the office of justice of the peace of the city of Muskogee. It seems that the former occupant of the office, D. J. Burk, whose term of office would expire on the second Monday of January, 1911, died on the 15th day of September, 1908, and M. L. Bailey was appointed by the board of county commissioners of Muskogee county to fill the vacancy. On the 8th day of October a township convention, composed of delegates chosen from the various precincts of the township, pursuant to a call of the Republican county central committeeman for Porter township, was held in the city of Muskogee, and the defendant in error was nominated by said convention as a candidate for said office to be voted for at the coming election. Afterwards he presented his credentials in proper form to the county election board of Muskogee county, and requested that his name be placed on the tickets to be used at said election which request the county election board refused, and declined to allow his name to be placed on the ballots. The court below found the issues in his favor, and issued a peremptory writ of mandamus, commanding the plaintiffs in error to place his name on said tickets, and from this order the case was prosecuted to this court by petition and summons in error.

There are two questions presented to this court by counsel for plaintiffs in error in their brief and oral argument, but as we are disposed to answer the first one, "Will there be a vacancy in the office for which defendant in error is a candidate?" in the negative, it will not be necessary to notice the second.

The present appointee was appointed by the county commissioners of Muskogee county under sections 3750 and 6670 of Wilson's Revised & Annotated Statutes of Oklahoma of 1903. Section 3750 reads as follows:

"All vacancies in office, except in offices of the members of the legislative assembly, shall be filled by appointment, as follows: * * * Third In all other county offices, by the county commissioners, * * * Provided, however. that if the vacancy is

caused by the death, resignation or removal of an elected officer the person appointed to fill the vacancy shall be appointed from the same political party to which the officer elected belonged and shall serve until the next general election."

The contention of plaintiffs in error is that the person appointed under this statute holds his office until the general election in 1910, that being the first general election at which an officer may be elected to fill such vacancy. Prior to statehood the general elections, at which such offices. were filled, were held biennially in the fall of the even-numbered years, and it was clear that a person so appointed should serve until the next general election at which such officers could be elected. Since the passage of the act, though, statehood has intervened, and it became necessary to hold an off-year election for the purpose of electing a full complement of state and district officers, and to pass laws to merge the territories into a state with as little confusion as possible. If it were not for the intervention of statehood, the election to be held on the 3d day of November, 1908, would be the election at which this office should be filled, but section 18 of the Schedule to the Constitution provided that county and township officers elected at the off-year election, at which the Constitution was adopted, should hold until the second Monday of January, 1911. Section 18, *supra,* reads as follows:

"Until otherwise provided by law, the terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided by this Constitution, shall be as now provided by the laws of the territory of Oklahoma for like named officers. * * * Provided, that the term of office of those elected at the time of the adoption of this Constitution, or first appointed under the provisions of the laws extended in force in the state, shall expire on the second Monday of January in the year nineteen hundred and eleven."

There is no doubt but the effect of this provision was to make the general election of 1910 the first general election after statehood for the election of county and township officers generally, and

the first state Legislature, in providing an election system for the state, seems to have legislated with this construction in view.

Section 1, Sess. Laws 1907-08, p. 316, c. 31, provides that:

"On the first Tuesday, succeeding the first Monday of November, 1908, a general election shall be held, at which time electors of president and vice president shall be elected, also representatives in Congress, together with successors to all state, district, county, township, municipal or precinct officers, whose terms expire before the next succeeding general election, as herein provided for. On said date, every two years thereafter, such election shall be held, at which time representatives in Congress shall be chosen and also the successor of any state, district, county, township, municipal or precinct officer whose term expires before the next succeeding general election, and also the successor to any state, district, county, township, municipal or precinct officer who may have been chosen to serve the unexpired term until the next general election. On such date, every fourth year thereafter, a general election shall be held, at which time electors of president and vice president shall be chosen, and also successors to all state, district, county, township, municipal or precinct officers for such offices, as under the law, the term expires before the next succeeding general election, and also to fill any vacancy in such office, or where the incumbent should be holding by appointment until such general election."

The first sentence of this section provides for the election of certain officers at an election to be held in the month of November, 1908, viz., " * * * successors to all state, district, county, township, municipal or precinct officers, whose terms expire before the next succeeding general election, as herein provided for." When section 18 of the Schedule and the first sentence of section 1, *supra,* are construed with the second sentence of the same section, it seems clear that there are no county or township officers whose terms expire before the next succeeding election, for section 18, *supra,* provides that the term of office of such officers shall expire on the second Monday of January, 1911, and it cannot be said that the language of the first sentence has reference to the election of officers to succeed persons appointed under section 3750, *supra,* prior to the election of 1908, for the second sentence of section 1, *supra,* makes specific provision for the election of such

officers at the election to be held in 1910. After making provision for the election of successors to all state, district, county, township, municipal or precinct officers whose terms expire before the next succeeding general election, the sentence continues, "and also the successor to any state, district, county, township, municipal or precinct officer, who may have been chosen to serve the unexpired term until the next general election." Officers appointed under section 3750, *supra,* to serve until the next general election fall fully within the designation of officers "who may have been chosen to serve the unexpired term until the next general election," and no doubt the "general election" the Legislature intended was the general election for the year 1910. This construction is in accordance with section 18 of the Schedule, *supra,* which obviously intended to avoid the necessity of an election for county and township officers until the election of 1910, and gives section 3750, *supra,* the only meaning it was capable of prior to statehood, and which now harmonizes it with section 18 of the Schedule and section 1 of the Session Laws, *supra.*

And this construction is sustained by the courts of other states in construing like enactments under similar circumstances. The Supreme Court of South Dakota, in construing section 37, art. 5, of their Constitution, which reads, " * * * Vacancies in the elective offices provided for in this article shall be filled by appointment until the next general election, * * *" used the following language: "Feeling constrained to hold that the term 'next general election,' as used in said section 37, art. 5, means the next general election at which a circuit judge might be elected, the next question, directly stated, is," etc. *State ex rel. McGee v. Gardner,* 3 S. D. 553, 54 N. W. 606.

The Dakota case follows and approves the decision of the Supreme Court of Florida in the case of *State of Florida ex rel. Attorney General v. Philips,* 30 Fla. 579, 11 South. 922, where Mr. Justice Mabry, who wrote the opinion of the court, in speaking of the power given city councils to fill vacancies in office until the next regular election, says:

"When it is declared that the city council shall fill vacancies until the next regular election, it means until the next regular election provided by the charter for electing the officer whose term has become vacant."

In *People v. Wilson*, 72 N. C. 155, the Governor had appointed to fill a vacancy in the office of judge. The Constitution provided that "the appointees shall hold their places until the next regular election." The court held the meaning of this phrase to be that the appointees shall hold their places until the next election for the office in which a vacancy has occurred.

The Supreme Court of Kansas in *Matthews v. Board of Commissioners of Shawnee County*, 34 Kan. 606, 9 Pac. 765, affirmed this construction of the phrase, "next general election," and Mr. Justice Valentine, who wrote the opinion of the court, speaks approvingly of the decision of that court in the case of *State v. Cobb*, 2 Kan. 32, as follows:

"In the case of *State ex rel. v. Cobb*, 2 Kan. 32, * * * it is held that 'the exact literal signification of the phrase "next regular election" is the next election held conformable to established rule or law,' and 'that the next regular election is the one next occurring, at which the particular class of judicial officers is to be chosen.' These definitions we think are correct."

We believe that reason and authority concur in the construction we have placed upon this statute; and, being thus persuaded, it follows that, as there is no vacancy in the office for which the defendant in error wishes to stand, his prayer for a peremptory writ of mandamus should have been denied.

The judgment of the court below is reversed.

All the Justices concur.