DICKEY et al. v. STATE ex rel. CITY OF TULSA.

No. 14136—Opinion Filed June 26, 1923.

(Syllabus.)

1. **Statutes—Enactment—"Revenue Bill"—Act Authorizing Municipality to Raise Revenue.**
Section 33, art. 5, of the Constitution of

Oklahoma, providing that all bills for raising revenue shall originate in the House of Representatives and that no revenue bills shall be passed during the last five days of the session, has reference to bills for raising revenue to meet the expense of the state government, and has no reference to bills which authorize a municipal subdivision of the state to raise revenue for defraying the expense of such municipality; chapter 48, Session Laws 1919, is, therefore, not violative of section 33, art. 5, of the Constitution of Oklahoma.

## 2. Mandamus—Writ Against County Officers—Costs.

Costs are properly awarded against the county treasurer where a peremptory writ of mandamus has been issued requiring him to perform an official duty.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Mandamus by the State on the relation of the City of Tulsa, against Wayne L. Dickey, County Treasurer, et al. Judgment for relator, and respondents bring error. Affirmed

John M. Goldesberry, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

I. J. Underwood and Harry L. S. Halley, for defendant in error.

COCHRAN, J. On December 12, 1922, the city of Tulsa instituted a proceeding in mandamus against the county treasurer of Tulsa county to compel such county treasurer to pay to the city of Tulsa penalties on delinquent ad valorem taxes collected on property located within the city of Tulsa, amounting to $47,740.55. Upon the trial of the case, a peremptory writ of mandamus was issued according to the prayer of the petition. From this judgment, the county treasurer has appealed.

The plaintiff in filing this action relied upon chapter 48, Session Laws 1919, as construed by this court in State ex rel. City of Durant v. Bonner, 86 Okla. 280, 208 Pac. 825. It is conceded by plaintiff in error that the defendant in error was entitled to the relief granted in the district court provided chapter 48, Session Laws 1919, is constitutional, and the constitutionality of the act is attacked on the ground that it is in violation of section 33, art. 5, of the Constitution, which reads:

"All bills for raising revenue shall originate in the House of Representatives. The Senate may propose amendments of revenue bills. No revenue bills shall be passed during the last five days of the session."

It is contended that section 3 of chapter 48, Session Laws 1919, conferred authority upon a city of the first class to levy and collect an additional tax of not exceeding one mill per annum upon the taxable property within said city, in addition to any and all other levies theretofore or thereafter authorized by law, and that the bill was therefore one for raising revenue within the meaning of the above constitutional provision.

In our opinion, the constitutional provision referred to has reference to bills for raising revenue to meet the expense of the state government, and has no reference to bills which authorize a municipal subdivision of the state to raise revenue for defraying the expense of such municipality. While the bill authorizes the municipal subdivision of the state to levy tax for a particular purpose, yet it does not raise revenue, and the revenue is not raised until the municipality exercises authority granted by the bill, hence the constitutional provision referred to has no application. Our view in this matter is clearly expressed in the case of Harper v. Commissioners of the Town of Elberton, 23 Ga. 566, as follows:

"Besides, the delegation of the power to tax, and the laying of a tax, are two things. This act does the first; the last, it does not do. The constitutional provision applies to an act which does the last, and does not apply to an act which does the first."

To the same effect are the following cases: Rankin v. City of Henderson (Ky.) 7 S. W. 174; Fletcher v. Oliver, 25 Ark. 289; Opinion of Justices, 126 Mass. 601; Evers v. Hudson (Mont.) 92 Pac. 462; Chicago, B. & Q. R. Co. v. School District No. 1 (Colo.) 165 Pac. 260.

The plaintiff in error next contends that the judgment of the trial court was erroneous in rendering judgment against the plaintiff in error, defendant below, for costs; that the judgment for costs in this case was in effect a judgment for costs rendered against the county. Section 455, Comp. Stats. 1921, provides:

"If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay."

That costs are properly chargeable against the officers in a case of this kind is held in People ex rel. City of Springfield v. Edmands (Ill.) 96 N. E. 914, and State ex rel. Reiss v. Holmes (Neb.) 91 N. W. 175; and

we think that it is right that he should be required to pay the costs in this case. To hold that he is not liable for the costs would require the plaintiff to bear the expense of this lawsuit which it was compelled to bring for the purpose of obtaining that which in law it was entitled to obtain without suit.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.