## BAYLESS v. KORNEGAY.

No. 24374. Opinion Filed Jan. 10, 1933.

Rehearing Denied Feb. 7, 1933.

Robson & Moreland, for petitioner.

W. H. Kornegay, pro se.

PER CURIAM. The issue involved herein was presented in an original proceeding in this court in the nature of quo warranto. From the record it appears that the Honorable J. Howard Langley was elected a Justice of the Supreme Court from the Supreme Court Judicial District No. 1 at the general election held throughout the state in November, 1930; that on the second Monday in January, 1931, he qualified as such officer and assumed the duties of the office; that on the 31st day of January, 1931, he resigned the office; that the Honorable W. H. Kornegay was appointed to fill the vacancy created by that resignation; that he qualified as such officer and assumed the duties of the office on the 2nd day of February, 1931; that he continued to perform the duties of the office up to the 9th day of January, 1933; that on the 9th day of January, 1933, the Honorable Wayne W. Bayless presented to this court a certificate of election which recites that he was elected to that office at the general election held throughout the state on the 8th day of November, 1932; that on the 9th day of January, 1933, he took and subscribed to the constitutional and statutory oath of office; that on that day he made a demand on the Honorable W. H. Kornegay for the office; that the Honorable W. H. Kornegay declined to relinquish the office and resisted the claim thereto of the Honorable Wayne W. Bayless, and that thereupon this proceeding was instituted in this court by the Honorable Wayne W. Bayless.

Section 3, article 7, of the Constitution of Oklahoma, provides, in part:

"* * * The term of office of the Justices of the Supreme Court shall be six years, * * * and in case of a vacancy in the membership of said court, the Governor shall, by appointment from the district, fill such vacancy, until the next general election for state officers, and at such general election

the vacancy for the unexpired term shall be filled by election by the qualified voters of the state."

That constitutional provision is controlling as to the office of Justice of the Supreme Court.

The legal question presented is, Was the election held throughout the state on November 8, 1932, a "general election for state officers" within the meaning of that constitutional provision?

It was an election for "state officers," for at that election Justices of the Supreme Court were elected and Justices of the Supreme Court are state officers. It was a "general election," for it was held throughout the state at the time provided and fixed for the purpose authorized by the statute, to wit, section 5792, O. S. 1931 (section 6126, C. O. S. 1921), which section provided for the holding of a general election on the first Tuesday succeeding the first Monday in November, 1908, and every two years thereafter.

While we think that the constitutional provision must be construed without regard to the decision of courts construing provisions of Constitutions which we find to be dissimilar, we call attention to the decisions in State of Washington ex rel. Fish v. Howell, Secretary of State, 110 P. 386, 50 L. R. A. (N. S.) 336; Wainwright v. Fore, 22 Okla. 387, 97 P. 831; Todd v. Johnson (Ky.) 33 L. R. A. 399; State ex rel. Rummens v. Superior Court (Wash.) 295 P. 730; Wendorff v. Dill (Kan.) 112 P. 588; Davis v. Simpson, 114 Okla. 132, 244 P. 806; 59 C. J. 104; People v. Hersey (Colo.) 196 P. 180, 14 A. L. R. 631.

A state of facts involving the same legal question as that involved herein has existed in this state a number of times prior hereto since the adoption of the Constitution. Without exception the construction herein placed on the constitutional provision has been recognized as correct by the appointed incumbents and by their elected successors. That construction has been applied consistently to those facts by the State Election Board under the opinions of the Attorney General. No one has asked this court to apply a different construction prior to the instant case.

It is the judgment of this court that the petitioner, the Honorable Wayne W. Bayless, be, and he is declared hereby to be, the duly and legally elected and qualified Justice of the Supreme Court of Oklahoma from Supreme Court Judicial District No. 1 for the term expiring on the second Monday in January, 1937, and that the respondent, the Honorable W. H. Kornegay, is adjudged hereby to have no legal right to hold or occupy that office or to perform the duties thereof, and he is hereby directed and ordered to deliver the same, with all of the books, papers and records thereof, to the petitioner, the Honorable Wayne W. Bayless.