## THOMPSON v. HUSTON, County Treas.

No. 21627. Jan. 8, 1935.

Murray Gibbons and Snyder, Owen & Lybrand, for plaintiff in error.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This action was begun by the plaintiff in error filing a petition seeking to enjoin the defendant, county treasurer of Oklahoma county, from permitting the owner of certain real estate, which had been sold for taxes, from redeeming the same from the lien of a tax sale certificate held by the plaintiff, unless the owner would pay the amount of the taxes due and 18 per cent. interest from the date of the tax cer-

tificate. The plaintiff's petition was an attack upon the constitutionality of chapter 53, Session Laws 1929 ,sec. 7279, O. S. 1931). The trial court held against the contentions therein made and dismissed his petition. The plaintiff appealed.

The first contention presented is that the act is unconstitutional by reason of the fact that it is in conflict with the provisions of section 33, art. 5, of the Constitution of Oklahoma. The plaintiff seems to rely on the case of Anderson v. Ritterbusch, Co. Treas., 22 Okla. 761, 98 P. 1002, to sustain his contention on this po'nt. We find nothing in that decision as to the rule of law applicable to the facts in the instant case. Dickey v. State ex rel. City of Tulsa, 90 Okla. 106, 217 P. 147; Ex parte Tindall, 102 Okla. 192, 229 P. 125, and Protest of Chicago, R. I. & P. Ry. Co., 137 Okla. 186, 279 P. 319, all refute the contention that the act in question is a bill for raising revenue.

The plaintiff contends that the act in question is void because on final passage in the Senate, there was no roll call as required by section 34, art. 5, of the Constitution. To sustain that contention the plaintiff quotes extensively from the House and Senate Journals.

The rule obtains in this state that an enrolled bill on file in the office of the Secretary of State imparts absolute verity, ,the same cannot be impeached by the legislative journals, and when such an act is called into question on account of some irregularity only, the courts will look to the enrolled bill only. Western Union Tel. Co. v. Hankins, 104 Okla. III, 230 P. 857. See, also, Johnson v. Grady County, 50 Okla. 188, 150 P. 497; Atchison, T. & S. F. Ry. Co. v. State, 28 Okla. 94, 113 P. 921; Coyle v. Smith, 28 Okla. 121, 113 P. 944, and section 67, p. 557, 59 Corpus Juris. We think this contention is without merit.

It is next contended that the act in question is void because the title does not conform to the requirements of section 57, art. 5. of the Constitution. The title of the act provides:

"An Act amending section 1, chapter 151, Oklahoma Session Laws 1923, and section 9747, Compiled Oklahoma Statutes, 1921, reducing the penalty on delinquent taxes to twelve per cent. per annum, repealing all acts or parts of acts in conflict."

That title is somewhat confusing. When the wording thereof is re-arranged, it reads:

"An Act amending section 1, chapter 151,

Oklahoma Session Laws 1923, reducing the penalty on delinquent taxes to twelve per cent. per annum, and (amending) section 9747, Compiled Oklahoma Statutes 1921, and repealing all acts or parts of acts in conflict."

It indicates that two amendments are to be made, the first an amendment of section 1, chapter 151, Oklahoma Session Laws 1923, and the second an amendment of section 9747, C. O. S. 1921.

It was not necessary to show in the title that the amendment of section 9747, supra, would be to change the rate of interest from 18 per cent. to eight per cent. from the date of the purchase by another than the county, or the date the sale certificate was assigned by the county to another, for the reason that the amendment was limited in its scope to the subject-matter of the section proposed to be amended. See Pottawatomie County et al. v. Alexander, Co. Assessor, 68 Okla. 110, 2 P. (2d) 955, and Rumsey v. Board of Com'rs of Comanche County, 151 Okla. 110, 2 P. (2d) 995, and Rumsey v. Diamond et al., 127 Okla. 72, 259 P. 849. We do not think that this conclusion is in any way in conflict with the holding of this court in Jones, Co. Treas., v. Blaine, 149 Okla. 153, 300 P. 369. See Brown v. Woods et al., 2 Okla. 601, 39 P. 473; Trustees, etc., et al. v. Hooton, Co. Clerk, 53 Okla. 530, 157 P. 293; Board of Com'rs of Creek County et al. v. Alexander, 58 Okla. 128, 159 P. 311; Oklahoma Natural Gas Co. v. Corporation Commission et al., 90 Okla. 84, 216 P. 917, and Oklahoma Coal Co. v. Atkinson et al., 121 Okla. 59, 247 P. 366.

The last contention presented is that the act in question is unconstitutional and void because of its discrimination in violation of the provisions of secton 51, art. 5, of the Constitution.

When a county treasurer buys land at a tax sale, he acts as an agent and instrumentality of the state in its efforts to collect taxes. He does not compete with private investors. The rights of a purchaser of land at a tax sale or of a tax sale certificate from the county are materially different from the rights of a county treasurer who purchases or holds as a part of the tax collecting machinery. The penalty is not a tax, but a penalty as an additional charge or punishment for delinquencies upon the part of the taxpayer to hasten the payment of taxes due, and when collected are disposed of as other penalties and fines arising from the violation of other laws or the failure to perform other duties provided by law. Board of Com'rs of Custer Co. v. City of Clinton, 49 Okla. 795, 154 P. 513.

The plaintiff is not entitled to the relief prayed for. The trial court committed no error in denying the prayer therefor.

The judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL, J., absent.