**SHERIDAN OIL CO. et al. v. SUPERIOR COURT OF CREEK COUNTY et al.**

No. 28154. April 26, 1938.

Rehearing Denied July 26, 1938.

Application for Leave to File Second Petition for Rehearing Denied Sept. 27, 1938.

Blakeney, Wallace, Brown & Blakeney, Kleinschmidt & Johnson, and Thomas F. Shea, for petitioners.

Everett S. Collins, County Atty., Walker & Lewis, and Johnson & Jones, for respondents.

J. H. Hill, J. R. Ramsey, B. W. Griffith, and S. H. Kaufman, amici curiae.

DAVISON, J. This is an original proceeding instituted in this court to obtain a writ of prohibition. The petitioners, Sheridan Oil Company, a corporation, and the Whitehill Oil Corporation, a corporation, seek to prevent the superior court of Creek county and C. O. Beaver, as judge thereof, from exercising further jurisdiction in connection with certain escheat cases therein pending.

The two escheat cases with which we are concerned were commenced in June and July of 1937, by the state of Oklahoma on relation of the county attorney of Creek county, as plaintiff, against the petitioners herein, as defendants. In each of the cases a determination that certain lands belonging to the respective corporations are held in violation of the escheat laws of the state of Oklahoma and an adjudication escheating such lands to the state of Oklahoma in accordance with the provisions of such laws are sought.

The petitioners contend, in substance, that the power to assume jurisdiction of the escheat cases was vested exclusively in the district court of Creek county. On this theory, the jurisdiction of the superior court of Creek county was challenged in the trial tribunal, and upon the denial of the challenge this proceeding was commenced.

The power of the Legislature to create the superior court and vest it with jurisdiction sufficiently broad to include cases of escheat is conceded. The question in this case is whether escheat cases are within the juris-

diction actually vested by legislation upon the subject.

The constitutional basis of our escheat law is section 2 of article 22 of the Oklahoma Constitution, which, however, is not self-executing, and thus requires legislative vitalization. Parwal Investment Co. v. State, 71 Okla. 121, 175 P. 514. This constitutional provision does not deal in any manner with the jurisdiction of courts, and therefore has no direct bearing upon the precise question now before us.

The original legislative act (S. L. 1907-08, p. 387, et seq., secs. 8436-8442, R. L. 1910. secs. 1635 to 1641, O. S. 1931) attempting to carry out the constitutional provision was in 1918 determined to be deficient by reason of its failure to vitalize the constitutional provision upon which it rested. Parwal Inv. Co. v. State, supra. Subsequent to the foregoing decision, corrective legislation (S. L. 1919, chapter 172) was enacted by which section 8437, R. L. 1910, was amended, the amended section becoming 1636, O. S. 1931, which though since repealed (S. L. 1937, chapter 46, section 14) was, by reason of the absence of an emergency clause in the repealing act, still effective at the time the escheat cases herein involved were filed, and which, because of the presence of a saving clause in the repealing act (section 13, c. 46, S. L. 1937), did not operate to abate pending litigation on its effective date.

Section 1637, O. S. 1931, sec. 8438, R. L. 1910, lodged the jurisdiction of escheat cases in the "district court of the county where such property or any part thereof is situate." The petitioners contend that the jurisdiction thus conferred by statute is exclusive. Standing alone, the statute supports their contention, but it must be construed in connection with other applicable legislation.

Section 3873, O. S. 1931, being a part of chapter 138, S. L. 1917 (amended by chapter 134 S. L. 1923, and chapter 139, S. L. 1927, without material change as to the matters herein involved), which created the superior court of Creek county, provided in part that:

"Such court shall have and exercise concurrent jurisdiction in **all matters, both civil and criminal,** with the district court and the county court of Creek county, except as to matters of probate."

The petitioners urge that escheat cases are special proceedings as distinguished from civil or criminal actions, and therefore do not fall within the purview of the statutory provision last above quoted. They point out that under our Code, remedies are classified either as "actions" or "special proceedings" (sections 8, 9, and 10, O. S. 1931). They assert that the language used in section 1636, supra, conferred only jurisdiction of civil and criminal actions as distinguished from "special proceedings". The fallacy of the argument lies in the failure to observe carefully the language employed by the Legislature in the court act. The word used is "matters", not "actions". The selected word is more comprehensive in its meaning than the word "actions", which, by reason of our Code provisions, supra, is restricted or narrowed in its meaning. The word "matters" is sufficiently broad to include not only "actions", but also "special proceedings" of a civil or criminal nature specifically cognizable by a court as such. The Supreme Court of Iowa had before it a similar question in the case of College of Physicians and Surgeons of Keokuk v. Guilbert, 69 N. W. 453. It was called upon to determine whether certiorari, a special proceeding which, by reason of Code provisions, could not be classified as a civil action, should be considered within the meaning of the term "civil matters," which was used to describe the jurisdiction of a superior court. The question was decided affirmatively upon consideration of the comprehensive meaning of the term "matters". In so holding, it was said:

"The term 'civil matters,' as used in the act, is evidently intended to include all matters other than criminal; for, of the two, it is a more comprehensive expression than 'civil actions,' which is a term used in the Code and defined in a way to limit its meaning. Code, section 2505. 'Civil cases' is a defined term in the Code, and includes actions and special proceedings. Id., section 2504. The term 'civil matters' must be as broad in meaning as 'civil cases'. And, if so, it includes actions and special proceedings. In Thompson v. Reed, 29 Iowa, 117, it is held that certiorari is a special proceeding. Turning again to the act conferring jurisdiction on the superior court, we find nothing in the remaining language quoted to in any way change the effect of the general language giving jurisdiction. Its jurisdiction is concurrent in all civil matters, with the exceptions stated."

We conclude that the word "matters," as employed in our statute, had a broader meaning than the word "actions," which, under our Code, has a limited meaning, and that the term used is broad enough to and does include escheat proceedings.

The petitioners also contend, in substance, that the escheat act (since it prescribed a

penalty for holding real estate in violation of section 2 of article 22 of the state Constitution, namely the loss of such real estate, and by its terms vested the jurisdiction or power to determine controversies in connection with the escheat of such real estate in the district court) constituted special legislation upon a particular subject and was, therefore, under the rules of statutory construction, removed from or carved out of the field of operation of any general statute, in this case the general statute (section 3873, supra) defining the jurisdiction of the superior court, even though that statute be (as we have determined) broad enough to otherwise include the matters within the comprehension of the **special** legislation. The rule of statutory construction thus invoked is one of general acceptation and frequent application (Muskogee Times-Democrat v. Board of Commissioners of Muskogee County, 76 Okla. 188, 184 P 591; Gardner v. School District No. 87, Kay County, 34 Okla. 716, 126 P. 1018; Murrow Indian Ophans' Home v. Featherstone, 85 Okla. 150, 204 P. 1110), but it is only one of several aids in determining the legislative intent, which is the primary consideration in ascertaining the meaning of any law. Board of Com'rs of Creek County v. Alexander, 58 Okla. 128, 159 P. 311; Grayson v. Thompson, 77 Okla. 77, 186 P. 236; Wagner v. Swan, 162 Okla. 95, 19 P.2d 555; Bryan & Son v. Vernor, 172 Okla. 382, 45 P.2d 468; Childers v. Paul, 177 Okla. 111, 57 P.2d 872. The purpose intended to be accomplished by the act also claims a degree of consideration (Brown v. Woods, 2 Okla. 601, 39 P. 473; In re Cleveland's Claim, 72 Okla. 279, 180 P 852; Blevins v. Graham Co., 72 Okla. 308, 182 P. 247), and resolution of doubt as to the meaning of a statute may be accomplished by reference to its history (Pure Oil Co. v. Cornish. 174 Okla. 615, 52 P.2d 832; Ramsey v Leeper, 168 Okla. 43, 31 P.2d 852), and to the history of the times or contemporary circumstances existing at the time of the passage of the act and presumed to have been considered at the time of its enactment. De Hasque v. Atchison, T. & S. F. Ry. Co., 68 Okla. 183 173 P. 73

District courts of this state are contemplated by the Constitution (section 1, article 7, of the Oklahoma Constitution). The same constitutional provision also authorizes the creation of other courts subject to the qualification that the same shall be inferior to this court. Such courts may be of concurrent jurisdiction with other existing courts. Burks v. Walker, 25 Okla. 353, 109 P. 544. Under this creative power, the Legislature has from time to time created superior courts to operate in various counties of the state and prescribed the jurisdiction thereof. Generally speaking, such courts have been designed to function in counties where sizeable municipalities exist outside of the county seat. The obvious purpose of such courts was to provide a judicial tribunal available at such municipalities. Such was the apparent purpose of the Creek county superior court, although at one time it was authorized to convene at Sapulpa, the county seat, as well as outlying municipalities. The comprehensive meaning which we have already attributed to the language used in describing the jurisdiction is consistent with the purpose of the court's creation, since, manifestly, such courts can best serve their purpose if they possess powers comparable and concurrent with those possessed by the district courts of the state. But where an act prescribing a special form of action, remedy, or proceeding describes specifically another court, does the court thus described have exclusive jurisdiction, as petitioners contend? We deem the position untenable as applied to the statutes under consideration because of the structure of our judicial system. In view of the constitutional origin of district courts and the universal existence thereof in all counties, many of our statutory enactments in prescribing the jurisdiction of actions and proceedings have referred only to the district court in describing the tribunal in which the action or proceeding should be commenced. This, as we have seen, is the case in escheat cases. It is also true of condemnation proceedings, which is also a special proceeding. 2 C. J. 398; sections 11931 to 11933, O. S. 1931. Notwithstanding the specific designation of the district court in the acts dealing with the proceedings, it has been generally recognized by the bench and bar that general language defining the jurisdiction of superior courts authorizes those courts to act in such cases. Illustrative of this accepted construction was the comparatively recent escheat case of Wolf v. State ex rel. Presson, 163 Okla. 180, 21 P.2d 1067, which originated in the superior court of Seminole county, and the earlier case of Pippin v. Board of Com'rs of Okmulgee County, 87 Okla. 177, 209 P. 929, involving condemnation, wherein the jurisdiction of the district court of Muskogee county was denied because a superior court of the same county had already acquired jurisdiction to act. True, the language defining the jurisdiction of the Muskogee county superior court was different from that herein involved, but it was nevertheless general

(chapter 135, S. L. 1917); yet it was deemed to include condemnation proceedings in spite of the fact that the jurisdiction of such cases was specifically vested in district courts. Neither of the cases discussed the precise point here involved, yet, since the question is one of jurisdiction, the court itself could have raised the same without suggestion from counsel. The cases, therefore, indicate the accepted statutory construction by the bench and bar that the superior courts have power to entertain jurisdiction over the subject matter of such cases. Since the point here presented does go to the jurisdiction over the subject matter, our contrary holding at this time would cast a shadow over many judgments rendered in numerous superior courts of the state. Acquiescence in a given construction of a statute is entitled to great weight even if it has not been participated in by the judiciary. League v. Town of Taloga, 35 Okla. 277, 129 P. 702; McCain v. State Election Board, 144 Okla. 85, 289 P. 759. See, also, Bayless v. Kornegay, 163 Okla. 184, 21 P. 2d 481. Greater reason would seem to exist for such consideration when the judiciary itself has participated in the construction.

The petitioners also make the point that, since there was an amendment to one section of the statute governing escheat in 1919 (S. L. 1919, chapter 172) in order to vitalize the constitutional provision (section 2, article 22, Oklahoma Constitution), and that since this amendment was enacted after the superior court act under consideration, the designation of the district court as the trial tribunal should be considered as of the date of the amendment, which, it is urged, strengthens the argument that the particular court designated should have exclusive jurisdiction. The argument is insufficient to indicate such a legislative intent. In enacting the amendment, the Legislature had in mind but one thing, namely, to take care of the deficiency previously found to exist therein. (Parwal Inv. Co. v. State, supra.) The portion of the act designating the tribunal was not changed and that portion predated the passage of the act. We are unable to perceive in the amendment any legislative intent to change the courts in which such actions could be filed, which, as we have seen, was (independent of the amendment) in either court.

Petitioners also point out that a court of general jurisdiction may be made a court of special and limited jurisdiction in particular matters, citing 7 R. C. L. 1032; Northwestern Clearance Co. v. Jennings, 106 Ore. 291, 209 P. 875, 210 P 884, and other authorities from other jurisdictions not directly in point here, and argue that the district court is a court of limited or special jurisdiction in escheat cases. Assuming this to be true, we see no good reason why the special or limited jurisdiction thus conferred was not also vested in the superior court, being comprehended by the term "civil or criminal matters," as heretofore discussed and defined.

The writ is denied.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH, J., absent.