TERM OF TOWN BOARD APPOINTEES
Title 11 O.S. 24 [11-24] (1971), requires that appointees who fill va cancies in town boards of trustees may serve only until the next election held in the town, and may not serve the remainder of an unexpired term of office. The Attorney General has considered your opinion request wherein you ask the meaning of the words "next election" as they appear in 11 O.S. 24 [11-24] (1971), concerning the filling of vacancies in town offices. The specific inquiry concerns whether appointed trustees who fill vacancies in town Boards of Trustees should serve only until the next election held in the town, or the entire balance of the unexpired terms. Title 11 O.S. 24 [11-24] (1971), provides as follows: "Vacancies in town offices. If vacancies occur in any of the offices herein enumerated for incorporated towns, the Board of Trustees of such town may fill such vacancies by appointment, but such appointment by such Board shall only be until the next election, at which time the electors of such town may elect some person to fill the unexpired term." (Emphasis added) Title 11 O.S. 24 [11-24] (1971), is in direct conflict on this point with 51 O.S. 15 [51-15] (1971), which provides that: "Every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified." Title 51 O.S. 15 [51-15] (1971), has no application to the present problem. It is a familiar rule of statutory construction that where there are two statutes upon the same subject, more specific provisions will control over general provisions. Title 11 O.S. 24 [11-24] (1971), thus creates an exception to the general applicability of Title 51 O.S. 15 [51-15] (1971). See Smith v. Southwestern Bell Telephone Company, Okl.,349 P.2d 646 (1960); Sebring v. Federal Deposit Insurance Corporation, Okl., 401 P.2d 479 (1963). We thus conclude that 11 O.S. 24 [11-24] (1971) requires that appointees who fill vacancies in town offices may serve only until the next election held in the town, and must relinquish office upon qualification to office of the successful candidate. Appointees may not serve the remainder of the unexpired term unless there is no election held in the town before the term expires. The provision of 11 O.S. 24 [11-24] (1971), that "such appointment by such board shall only be until the next election" should be contrasted with other statutes on the filling of vacancies in office applicable to cities. If a vacancy occurs in the office of mayor or vice-mayor, the city council is to elect a new officer who will complete the remainder of the unexpired term of office. 11 O.S. 962.6 [11-962.6] (1971). Title 11 O.S. 962.13 [11-962.13] [11-962.13] (1971) provides as follows: "The council, by majority vote of its remaining members, shall fill vacancies in its own membership for the unexpired terms." There appears a clear legislative intent that town boards of trustees should be treated differently from the legislative bodies of cities. Several Oklahoma cases throw a light on the meaning of the term "next election." In County Election Board of Coal County v. Robinson, Okl., 352 P.2d 920 (1960), the plaintiff applied from a lower court decision denying a writ of mandamus allowing plaintiff to run as a candidate for county attorney of Coal County. Residency in the county for six months prior to "the next ensuing election" was required. Plaintiff had lived in Coal County for less than six months prior to the primary election, but would have satisfied the six month residency requirement before the general election. In affirming the denial of the writ, the Oklahoma Supreme Court relied on what is now 26 O.S. 93.2 [26-93.2] (1971), which defines election broadly to mean every general, primary, run-off primary, regular or special election. The case of Wainwright v. Fore, 22 Okl. 387,97 P. 831 (1908), evidences a common sense approach in the definition of terms. D. J. Burk, a County Commissioner of Muskogee County, died in office on September 15, 1908, and one M. L. Bailey was appointed to fill the vacancy and to serve until "the next general election." In October, 1908, the plaintiff Fore sought and secured a writ of mandamus requiring that his name be placed in nomination for the office in the November, 1908, general election. The Oklahoma Supreme Court held that the writ had been improperly granted, relying on a proviso adopted with the Constitution of the State of Oklahoma to the effect that county and township officers elected in the 1907 off-year election should hold office until January, 1911. Therefore, the "next general election" for county and township officers would not be held until November, 1910. The court at 97 P. 833 quoted with approval the following statement from Matthews v. Board of Commissioners of Shawnee County, 34 Kan. 606, 9 P. 765 (1886): "The exact literal signification of the phrase 'next regular election' is the next election held conformable to established rule or law, and that the next regular election is the one next occurring Accord, Bayless v. Kornegay, 163 Okl. 184, 21 P.2d 481 (1933); Allen v. Burkhart Okl., 377 P.2d 821 (1963). It is, therefore, the opinion of the Attorney General that those appointed to fill the vacancies in town Boards of Trustees may serve only until qualification of the successful candidates at the next election held in the town. No special election is required; however, the requirement that appointees shall serve only until the "next election" means that an election for the vacated offices should be held as soon as possible, even if the next election is a primary election or special election. (Charles L. Pain)